UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JUAN CARLOS MALDONADO,

    Plaintiff,                                         **JURY TRIAL DEMANDED**

v.

PANTRO WHITE LLC.

    Defendant.

_____/

## COMPLAINT

Juan Carlos Maldonado ("Mr. Maldonado"), by and through his undersigned counsel, files this Complaint seeking monetary damages, attorney's fees and costs against Defendant Pantro White LLC ("Defendant"). In support thereof, Mr. Maldonado states as follows:

## NATURE OF THE CASE

1. This is an action by Mr. Maldonado to recover damages from Defendant's failure to satisfy its payment obligations under a promissory note, stemming from Defendant's failure to repay a seven hundred-thousand-dollar loan.

2. As such, Mr. Maldonado now files the instant action seeking redress for the damages he sustained due to Defendant's breach.

## PARTIES, JURISDICTION, AND VENUE

3. This Court has subject matter jurisdiction over Mr. Maldonado's claims under 28 U.S.C. § 1332 (a)(2) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and based on the diversity of the parties.

4. Mr. Maldonado is a Venezuelan citizen, domiciled in Caracas, Venezuela.

5. Defendant is a Florida limited liability company. It is a citizen of Florida because its two members, Leonardo Emperador and Patricia Bastidas, are citizens of Florida. *See* Defendant's Articles of Incorporation attached as Exhibit A.

6. This Court has personal jurisdiction over Defendant because it is organized under the laws of Florida and its principal place of business is Florida.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein all occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8. Mr. Maldonado is a Venezuelan businessman, whose business is principally focused in insurance.

9. On or about November 2021, Mr. Maldonado and Leonardo Emperador—Defendant's Managing Member—agreed that Mr. Maldonado would loan Defendant $700,000.00.

10. On December 1, 2021, Defendant, as the Borrower, executed a promissory note unconditionally promising to pay Mr. Maldonado the principal amount of $700,000 with interest payable on the unpaid principal at the rate of 2.00 percent per annum (the "Promissory Note"). A true and correct copy of the Promissory Note is attached as Exhibit B.

11. Mr. Maldonado does not have physical possession of the original Promissory Note, but is the party entitled to enforce the Promissory Note as reflected in the lost note declaration attached as Exhibit C.

12. The Promissory Note states that "the Note is repayable within 60 day(s) of the Lender providing the Borrower with written notice of demand." *See* Promissory Note at ¶2.

13. Mr. Maldonado first gave Defendant written notice of demand on January 3, 2022. He has repeatedly demanded payment for the last seven months.

14. Since then, Defendant has paid $200,000 towards the Promissory Note, leaving Defendant with an outstanding balance of $500,000 on the $700,000 Promissory Note.

15. Defendant has made no more payments despite the many requests by Mr. Maldonado.

16. Defendant's failure to make these payments is a direct breach of the obligations under the Promissory Note and constituted a default.

17. The Promissory Note further states that "[t]he Borrower shall be liable for all costs, expenses and expenditures incurred including, without limitation, the complete legal costs of the Lender incurred by enforcing this Note as a result of any default by the Borrower and such costs will be added to the principal then outstanding and shall be due and payable by the Borrower to the Lender immediately upon demand of the Lender." *Id*. at ¶3.

18. Defendant is obligated to pay Mr. Maldonado damages for the breach and default of the Promissory Note, and further must indemnify Mr. Maldonado for any fees and costs associated with this action for relief and other attempts to obtain reimbursement.

## COUNT I
**(Breach of Contract)**

19. The allegations in paragraphs 1 through 18 above are incorporated herein by reference as though fully set forth herein.

20. As set forth above, Mr. Maldonado and Defendant are parties to a valid contract in the form of the Promissory Note.

21. Under the Promissory Note, Defendant agreed to pay its indebted amount when it became due.

22. Defendant failed to make the payment required under the Promissory Note, and its failure to make that payment constituted a breach and default of the Promissory Note. The principal

was due within sixty (60) days of receiving written notice and, despite Mr. Maldonado's repeated demands for payment, Defendant has failed to pay the remaining amount due of $500,000 to Mr. Maldonado.

23. Pursuant to the Promissory Note, Defendant also has an obligation to indemnify Mr. Maldonado of the expenses incurred in obtaining judicial relief as a result of its breach.

24. Mr. Maldonado was damaged as a direct result of Defendant's breach of its contractual obligations under the Promissory Note.

**WHEREFORE,** Mr. Maldonado respectfully requests that the Court enter judgment against Defendant for breach of contract under the Promissory Note, award Mr. Maldonado damages and pre-judgment interests, plus standard cost and interest, award Mr. Maldonado attorney's fees pursuant to the Promissory Note and indemnity provisions, and grant Mr. Maldonado any further relief the Court deems just and appropriate.

Dated:  August 15, 2022

Respectfully submitted,

**Diego Pérez Ara**
Diego Pérez Ara
Florida Bar No. 1023765
Sofia Manzo
Florida Bar No. 1030960
Email:  dperez@leoncosgrove.com
Email:  smanzo@leoncosgrove.com
Email:  aquezada@leoncosgrove.com
Email:  lburns@leoncosgrove.com

**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (305) 740-1975
Facsimile: (305) 437-8158

*Counsel for Plaintiff*